Filing # 240394299 E-Filed 01/27/2026 03:43:59 PM

16-2026-CA-000599-AXXX-MA Div: CV-B

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ELIJAH OMAR WATFORD,

      Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

      Defendant.

_____/

## <u>COMPLAINT</u>

Plaintiff, ELIJAH OMAR WATFORD, sues Defendants, WALMART INC. and WAL-MART STORES EAST, LP (collectively "Walmart"), and alleges:

1.     This is an action for damages that exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs and interest. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court; accordingly, Plaintiff will enter "$50,001" in the civil cover sheet for the "estimated amount of the claim" for jurisdictional purposes only, as directed by the Florida Supreme Court, with the actual value to be determined by a fair and just jury in accordance with Article I, Section 21 of the Florida Constitution.

2.     At all times material, Plaintiff was and is a resident of Duval County, Florida, and is *sui juris*.

3.     At all times material, Defendants WALMART INC. and WAL-MART STORES EAST, LP (collectively, "Walmart") is a multinational corporation with a principal address of 1

Customer Drive, Bentonville, Arkansas 72716 licensed to do business in the State of Florida that owns, operates, manages, and/or controls the Walmart store located at 6830 Normandy Blvd, Jacksonville, FL 32205 (hereinafter "Premises"), including the customer restroom where the incident described herein occurred.

4. Venue is appropriate in Duval County, Florida, because the acts and omissions complained of herein occurred in Duval County, Florida.

### FACTS GIVING RISE TO THE CAUSE OF ACTION

5. On Sunday, July 20, 2025, Plaintiff lawfully entered the Walmart store located at 6830 Normandy Boulevard, Jacksonville, Florida 32205, as a business invitee for the purpose of shopping.

6. While at the store, Plaintiff needed to use the restroom and proceeded to the men's restroom at the subject Walmart.

7. Inside the restroom, Plaintiff proceeded to use a urinal.

8. At or near the urinals, there was a liquid substance on the floor, which appeared to be water and/or urine, and which, upon information and belief, was emanating from a urinal or plumbing fixture.

9. In order to use the urinal, Plaintiff was required to traverse the area containing the liquid on the floor, as there was no safe alternate route to the urinal.

10. After using the urinal, as Plaintiff took one or two steps back, his foot or feet slipped on the liquid on the floor, causing him to lose balance and violently fall to the restroom floor (the "Incident") whereupon he struck his head and laid motionless.

2

11.     At the time of the Incident, there were no warning signs, including but not limited to any "Wet Floor" or caution signs, cones, barricades, or other warnings, in or near the area where Plaintiff slipped and fell.

12.     As a direct and proximate result of slipping on the liquid, Plaintiff fell and struck the floor, sustaining serious injuries including, but not limited to, head injury/traumatic brain injury (TBI), neck injuries, cervical spinal injuries including herniated discs, lower back injuries, leg numbness, right shoulder injuries, and other medical complications including the development of life-threatening blood clots as a foreseeable consequence of the subject injury.

## NEGLIGENCE AS TO THE DEFENDANTS ("WALMART")

Plaintiff realleges paragraphs 1 through 12 herein and further states:

13.     At all times material, Plaintiff was a business invitee on Defendants' premises, and Defendants owed Plaintiff a non-delegable duty to use reasonable care to maintain the premises in a reasonably safe condition, to correct dangerous conditions of which Defendants knew or should have known, and to warn of concealed hazards that Defendants knew or should have known about through the exercise of reasonable care.

14.     A dangerous condition existed on Defendants' Premises in that the urine-stained, and/or wet and/or greasy condition on the restroom floor in the area where Plaintiff fell was unreasonably slippery that lacked adequate traction and slip resistance, such that a person exercising ordinary care could unexpectedly lose footing and fall, as Plaintiff did.

15.     Defendant had actual or constructive knowledge of the dangerous condition because:

> a.     The condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of it; and/or

3

    b.    The condition occurred with regularity and was therefore foreseeable; and/or

    c.    Defendant's cleaning, maintenance, or operations created or contributed to the hazardous condition (including leaving the presence of urine stains, a greasy residue, or failing to dry the floor properly); and/or

    d.    Defendant, through its employees or agents, created the dangerous condition by choosing an unreasonably dangerous floor tile that, when wet or covered in urine, left the tile floor in an excessively slick and slippery condition.

16. Defendant breached its duties of care by one or more of the following acts or omissions:

    a.    Failing to maintain the restroom and adjacent flooring in a reasonably safe condition;

    b.    Failing to timely inspect, identify, and correct the wet/greasy floor condition;

    c.    Failing to place warning signage where it would be visible to patrons before stepping onto the hazardous area, including at the restroom entrance;

    d.    Placing the warning sign inside the restroom in a location obscured by a stall wall and/or partially under a stall, rendering it ineffective;

    e.    Using or allowing cleaning methods/products that left a slippery film on tile surfaces and failing to remedy the same;

     f.     Failing to implement or follow reasonable policies and procedures for inspection, cleaning, drying, and hazard remediation in and around restrooms;

     g.     Causing and/or allowing a known dangerous condition to persist; and

     h.     Failing to warn of or barricade the hazardous area until it was made safe.

17. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury and resulting damages, including pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical and nursing care and treatment, medical expenses, loss of earnings, loss of earning capacity, and aggravation of a pre-existing condition. These losses are permanent or continuing in nature, and Plaintiff will continue to suffer them in the future.

WHEREFORE, Plaintiff demands judgment, including prejudgment interest and costs, against the Defendant and requests a trial by jury on all issues in this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**MORGAN & MORGAN, P.A.**

*/s/Brian F. Moore*
**BRIAN F. MOORE**
Florida Bar No.: 0086167
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
904.904.8506 (phone)
904.944.8473 (fax)
Brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
*Counsel for Plaintiff*

5

## <u>NOTICE OF DESIGNATION OF EMAIL ADDRESS</u>

The above-named attorneys, pursuant to Rule 2.516, Florida Rules of Judicial Administration, hereby designate the addresses set forth in the signature block above for service by email.