IN THE CIRCUIT COURT OF THE 4TH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

ELIJAH OMAR WATFORD,              Case No.: 16-2026-CA-000599-AXXX-MA

          Plaintiff,           Claim No.: 2026-011105

vs.

WALMART INC. AND WAL-MART
STORES EAST, LP ,

          Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, WALMART INC. AND WAL-MART STORES EAST, LP ,
(hereinafter "WALMART") by and through undersigned counsel, and files its Answer and
Affirmative Defenses to Plaintiff's Complaint and as such would state as follows:

1.     Defendants deny paragraph 1.

2.     Defendants are without knowledge and therefore deny paragraph 2.

3.     Defendants deny paragraph 3  as phrased.

4.     Defendants admit the incident is alleged to have occurred in Duval County,
Florida but deny any inference of liability in paragraph 4.

5.     Defendants deny paragraph 5 and demand strict proof thereof.

6.     Defendants deny paragraph 6 and demand strict proof thereof.

7.     Defendants deny paragraph 7 and demand strict proof thereof.

8.     Defendants deny paragraph 8 and demand strict proof thereof.

9.     Defendants deny paragraph 9 and demand strict proof thereof.

10.     Defendants deny paragraph 10 and demand strict proof thereof.

11.     Defendants deny paragraph 11 and demand strict proof thereof.

12.     Defendants deny paragraph 12 and demand strict proof thereof.

13.     Defendants deny paragraph 13 and demand strict proof thereof.

14.     Defendants deny paragraph 14 and demand strict proof thereof.

15.     Defendants deny paragraph 15 and demand strict proof thereof.

16.     Defendants deny paragraph 16 and demand strict proof thereof.

17.     Defendants deny paragraph 17 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### Second Affirmative Defense

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control or supervision of Defendant, and therefore, Plaintiff cannot recover against Defendant. Any damages awarded to Plaintiff are subject to apportionment by the jury of the total fault of all participants in this action pursuant the reasoning outlined by the court in *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996) and *Fabre v. Marin,* 623 So. 2d 782 (Fla. 1993), and the provisions of Florida's Tort Reform Act, section 768.71, Florida Statutes, and Florida's Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes.

Case No. 16-2026-CA-000599-AXXX-MA

## Third Affirmative Defense

Plaintiff knew, or reasonably should have known, of the potential hazards and dangers alleged in the Complaint, and is barred from recovery against Defendant on the grounds of assumption of risk.

## Fourth Affirmative Defense

Pursuant to Section 768.76, Florida Statutes, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

## Fifth Affirmative Defense

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Section 768.81, Florida Statutes.

## Sixth Affirmative Defense

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur and therefore Plaintiff is barred from recovery. Or, in the alternative, any award rendered to the Plaintiff would be reduced by the amount of her own negligence according to the principles of comparative negligence. Further, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for her own harm, Plaintiff's claim would be barred by section 768.36, Florida Statutes.

## Seventh Affirmative Defense

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

Case No. 16-2026-CA-000599-AXXX-MA

**Eighth Affirmative Defense**

Defendant had no constructive or actual knowledge of the alleged dangerous condition or defect under section 768.0755, Florida Statutes. Plaintiffs claims of negligence by mode of operation are barred by operation of section 768.0755, and Florida law.

**Ninth Affirmative Defense**

Defendant asserts any possible danger or defect alleged in the Complaint was open and obvious to anyone using reasonable care. Accordingly, Plaintiff cannot recover from this Defendant.

**Tenth Affirmative Defense**

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004).

**Eleventh Affirmative Defense**

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

**Twelfth Affirmative Defense**

Defendant is entitled to a set-off for any amount paid or to be paid to Plaintiff related to any damages or injuries asserted in the Complaint pursuant to sections 769.50, 768.31 and/or 768.76, Florida Statutes, if Plaintiff received payments, medical payments from a collateral source of from a potential tortfeasor.

**<u>RESERVATION OF RIGHTS</u>**

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

Case No. 16-2026-CA-000599-AXXX-MA

## DEMAND FOR JURY TRIAL

**WHEREFORE**, the Defendant, WALMART INC. AND WAL-MART STORES EAST,

LP , demands a trial by jury of all issues so triable as of right by a jury.

Case No. 16-2026-CA-000599-AXXX-MA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this __11th__ day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202  at:
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
(954) 354-1544 / (904) 301-9341
Pleadings@RoigLawyers.com


BY:___Jenna T. Hackman_____
        JENNA T. HACKMAN, ESQ.
        Florida Bar No.  461466

Case No. 16-2026-CA-000599-AXXX-MA