Case 3:26-cv-01346-MMH-MCR    Document 1-4    Filed 05/21/26    Page 1 of 65 PageID 122

Filing # 240394299 E-Filed 01/27/2026 03:43:59 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

<u>Elijah Omar Watford</u>
Plaintiff                                                    Case # _____
                                                              Judge   _____

vs.

<u>Walmart Stores East, LP & Property Tax Department, Walmart, INC.</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/28/2026 10:48:42 AM

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

   **IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

   **V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1.00</u>

   **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
       ☐ yes
       ☒ no

   **VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
       ☒ no
       ☐ yes If "yes," list all related cases by name, case number, and court.

   **VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
       ☒ yes
       ☐ no

   **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
       ☐ yes
       ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Brian Moore</u>             Fla. Bar # <u>86167</u>
           Attorney or party                        (Bar # if attorney)

<u>Brian Moore</u>              <u>01/27/2026</u>
 (type or print name)             Date

Filing # 240394299 E-Filed 01/27/2026 03:43:59 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ELIJAH OMAR WATFORD,

     Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

     Defendant.

                                   /

## COMPLAINT

Plaintiff, ELIJAH OMAR WATFORD, sues Defendants, WALMART INC. and WAL-MART STORES EAST, LP (collectively "Walmart"), and alleges:

1.    This is an action for damages that exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs and interest. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court; accordingly, Plaintiff will enter "$50,001" in the civil cover sheet for the "estimated amount of the claim" for jurisdictional purposes only, as directed by the Florida Supreme Court, with the actual value to be determined by a fair and just jury in accordance with Article I, Section 21 of the Florida Constitution.

2.    At all times material, Plaintiff was and is a resident of Duval County, Florida, and is *sui juris*.

3.    At all times material, Defendants WALMART INC. and WAL-MART STORES EAST, LP (collectively, "Walmart") is a multinational corporation with a principal address of 1

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/28/2026 10:48:42 AM

Customer Drive, Bentonville, Arkansas 72716 licensed to do business in the State of Florida that owns, operates, manages, and/or controls the Walmart store located at 6830 Normandy Blvd, Jacksonville, FL 32205 (hereinafter "Premises"), including the customer restroom where the incident described herein occurred.

4.    Venue is appropriate in Duval County, Florida, because the acts and omissions complained of herein occurred in Duval County, Florida.

### FACTS GIVING RISE TO THE CAUSE OF ACTION

5.    On Sunday, July 20, 2025, Plaintiff lawfully entered the Walmart store located at 6830 Normandy Boulevard, Jacksonville, Florida 32205, as a business invitee for the purpose of shopping.

6.    While at the store, Plaintiff needed to use the restroom and proceeded to the men's restroom at the subject Walmart.

7.    Inside the restroom, Plaintiff proceeded to use a urinal.

8.    At or near the urinals, there was a liquid substance on the floor, which appeared to be water and/or urine, and which, upon information and belief, was emanating from a urinal or plumbing fixture.

9.    In order to use the urinal, Plaintiff was required to traverse the area containing the liquid on the floor, as there was no safe alternate route to the urinal.

10.    After using the urinal, as Plaintiff took one or two steps back, his foot or feet slipped on the liquid on the floor, causing him to lose balance and violently fall to the restroom floor (the "Incident") whereupon he struck his head and laid motionless.

2

11. At the time of the Incident, there were no warning signs, including but not limited to any "Wet Floor" or caution signs, cones, barricades, or other warnings, in or near the area where Plaintiff slipped and fell.

12. As a direct and proximate result of slipping on the liquid, Plaintiff fell and struck the floor, sustaining serious injuries including, but not limited to, head injury/traumatic brain injury (TBI), neck injuries, cervical spinal injuries including herniated discs, lower back injuries, leg numbness, right shoulder injuries, and other medical complications including the development of life-threatening blood clots as a foreseeable consequence of the subject injury.

## NEGLIGENCE AS TO THE DEFENDANTS ("WALMART")

Plaintiff realleges paragraphs 1 through 12 herein and further states:

13. At all times material, Plaintiff was a business invitee on Defendants' premises, and Defendants owed Plaintiff a non-delegable duty to use reasonable care to maintain the premises in a reasonably safe condition, to correct dangerous conditions of which Defendants knew or should have known, and to warn of concealed hazards that Defendants knew or should have known about through the exercise of reasonable care.

14. A dangerous condition existed on Defendants' Premises in that the urine-stained, and/or wet and/or greasy condition on the restroom floor in the area where Plaintiff fell was unreasonably slippery that lacked adequate traction and slip resistance, such that a person exercising ordinary care could unexpectedly lose footing and fall, as Plaintiff did.

15. Defendant had actual or constructive knowledge of the dangerous condition because:

    a. The condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of it; and/or

3

b. The condition occurred with regularity and was therefore foreseeable; and/or

c. Defendant's cleaning, maintenance, or operations created or contributed to the hazardous condition (including leaving the presence of urine stains, a greasy residue, or failing to dry the floor properly); and/or

d. Defendant, through its employees or agents, created the dangerous condition by choosing an unreasonably dangerous floor tile that, when wet or covered in urine, left the tile floor in an excessively slick and slippery condition.

16. Defendant breached its duties of care by one or more of the following acts or omissions:

a. Failing to maintain the restroom and adjacent flooring in a reasonably safe condition;

b. Failing to timely inspect, identify, and correct the wet/greasy floor condition;

c. Failing to place warning signage where it would be visible to patrons before stepping onto the hazardous area, including at the restroom entrance;

d. Placing the warning sign inside the restroom in a location obscured by a stall wall and/or partially under a stall, rendering it ineffective;

e. Using or allowing cleaning methods/products that left a slippery film on tile surfaces and failing to remedy the same;

4

f. Failing to implement or follow reasonable policies and procedures for inspection, cleaning, drying, and hazard remediation in and around restrooms;

g. Causing and/or allowing a known dangerous condition to persist; and

h. Failing to warn of or barricade the hazardous area until it was made safe.

17. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury and resulting damages, including pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical and nursing care and treatment, medical expenses, loss of earnings, loss of earning capacity, and aggravation of a pre-existing condition. These losses are permanent or continuing in nature, and Plaintiff will continue to suffer them in the future.

WHEREFORE, Plaintiff demands judgment, including prejudgment interest and costs, against the Defendant and requests a trial by jury on all issues in this case.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury on all issues so triable.

**MORGAN & MORGAN, P.A.**

*/s/Brian F. Moore*
**BRIAN F. MOORE**
Florida Bar No.:  0086167
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
904.904.8506 (phone)
904.944.8473 (fax)
Brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
*Counsel for Plaintiff*

5

## <u>NOTICE OF DESIGNATION OF EMAIL ADDRESS</u>

The above-named attorneys, pursuant to Rule 2.516, Florida Rules of Judicial Administration, hereby designate the addresses set forth in the signature block above for service by email.

6

Filing # 240394299 E-Filed 01/27/2026 03:43:59 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ELIJAH OMAR WATFORD,

      Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

      Defendant.

_____/

## **SUMMONS**

  THE STATE OF FLORIDA
  TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this summons and a copy of the Complaint, First

Request for Production, and First Interrogatories in this action on defendant:

**WALMART INC. and WAL-MART STORES EAST, LP**
**c/o REGISTERED AGENT, CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

     Each defendant is required to serve written defenses to the Complaint and responses to

First Request for Production, and First Interrogatories on plaintiff's attorney, whose name and

address is:

     **BRIAN F. MOORE**
     **Morgan & Morgan P.A**

     Florida Bar No.: 0086167
     *brian.moore@forthepeople.com*
     *szolanzs.szeremy@forthepoeple.com*
     501 Riverside Ave, Suite 1200
     Jacksonville, Florida 32202

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/28/2026 10:48:42 AM

904.944.8506 (phone)
904.944.8473 (fax)

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or petition.

Clerk of Circuit Court

By:_____
    Deputy Clerk

Civil Division
Duval County Courthouse
501 W. Adams St.
Jacksonville, FL  32202
Phone (904) 255-2000

2

Filing # 240394299 E-Filed 01/27/2026 03:43:59 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ELIJAH OMAR WATFORD,

     Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

     Defendant.

_____/

TO:   WAL-MART STORES EAST, LP

Please take notice that, in accordance with Rule 1.340, Florida Rules of Civil Procedure, you are required within the time provided for by the rules to answer under oath and in writing the attached interrogatories.

**MORGAN & MORGAN**

*/s/Brian F. Moore*
**BRIAN F. MOORE**
Florida Bar No.: 0086167
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
904.904.8506 (phone)
904.944.8473 (fax)
Brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
*Counsel for Plaintiff*

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 01/28/2026 10:48:42 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on a copy of the foregoing was furnished via formal service of process, along with the Complaint and Plaintiff's Initial Disclosures, pursuant to the Florida Rules of Civil Procedure and applicable statutes.


/s/ Brian F. Moore
ATTORNEY

# FIRST INTERROGATORIES

*Definitions and Scope*

1. "You," "Your," "Defendant," or "WAL-MART STORES EAST, LP" means Walmart, their officers, employees, agents, contractors, insurers, risk managers, and anyone acting on their behalf.
2. "Incident" means the slip-and-fall event involving Plaintiff on or about **July 20, 2025**, in the **men's restroom near the urinals** at the Subject Store, as described in the Complaint.
3. "Identify" (as to a person) means to state the person's full name, last known address, telephone number, employer, and job title/position, and if no longer employed by You, the dates of employment and last known contact information.
4. "Document(s)" has the meaning set forth in Fla. R. Civ. P. 1.350 and includes electronically stored information (ESI).
5. These Interrogatories are continuing in nature. If, after serving answers, You obtain additional information responsive to any Interrogatory, You must supplement or amend Your answers in accordance with the Florida Rules of Civil Procedure.

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

   **ANSWER**:

2. Describe any and all policies of insurance (primary, excess, umbrella) which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

   **ANSWER**:

3.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

    **ANSWER:**

4.  State the facts upon which you rely for each affirmative defense in your answer, including whether you contend Plaintiff was comparatively negligent; if so, describe each act or omission you contend supports your affirmative defense(s), and identify all evidentiary support and witnesses.

    **ANSWER:**

5.  Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

    **<u>ANSWER:</u>**

6.  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the

name and address of each person who heard it, and the date, time, place, and substance of each                                                                                                                     statement.

**ANSWER:**

7.  State whether any incident reports, safety reports, emails, surveillance video, texts, maintenance logs, or other documents concerning or were created in relation to the Incident; identify the author, date, recipients, and current location/custodian.

    **ANSWER:**

8.  Identify each person, not employed by You, whom You know or believe witnessed all or part of the Incident or its immediate aftermath, or who has knowledge about the condition of the restroom floor or area immediately outside the restroom at or around the time of the Incident. For each person, state their last known address and telephone number.

    **ANSWER**:

9.  Did You, or anyone acting on Your behalf, create any written or recorded incident report, memorandum, statement, or investigation report concerning the Incident? If so, for each such report or statement, state:

    a. The date it was made;
    b. The name and job title of the person(s) who prepared it;
    c. The name(s) of any person(s) who gave a statement included in or attached to it; and
    d. The current location and custodian of the report or statement.

    **ANSWER**:

10. Within the **five (5) years** before Plaintiff's Incident and up to the present, have there been any other reported incidents at the Subject Premises in which a patron, guest, or employee claimed to have slipped, tripped, or fallen in or immediately outside the women's restroom due to a wet, greasy, or slippery floor? If so, for each such incident, state:

a. The date of the incident;
b. The location within the premises;
c. A brief description of the circumstances; and
d. Whether any claim or lawsuit resulted.

**ANSWER**:

11. Do You contend that Plaintiff was in any way negligent or otherwise at fault in causing or contributing to the Incident or her injuries? If so, state each factual basis for such contention, including:

a.  The specific acts or omissions by Plaintiff that You claim were negligent; and
b. The evidence or witnesses that support Your contention.

**ANSWER**:

12. Identify every person You believe may have knowledge of any fact relevant to the issues in this lawsuit (liability, notice, policies, damages, or Plaintiff's condition), and for each person provide:

a. A brief description of the subject matter of their knowledge; and
b. Their last known address and phone number.

**ANSWER**:

13. Describe in detail all policies, procedures, and/or written guidelines in effect on July 25, 2025, governing:

    a. Inspection, cleaning, and maintenance of restrooms;
    b. Placement of "Wet Floor" or other warning signs;
    c. Handling or remediating wet or greasy floors; and
    d. Training of employees regarding slip and fall prevention.

    Identify any written manuals or documents that contain such policies.

    **ANSWER**:

14. Identify each person who was employed by You at the Subject Premises on July 25, 2025, and who:

    a. Witnessed the Incident;
    b. Came to the scene immediately after the Incident;
    c. Spoke with Plaintiff at or near the time of the Incident; or
    d. Participated in or supervised any investigation, incident report, or follow-up related to the Incident.

    For each such person, state their job title and whether they are still employed by You.

    **ANSWER**:

 

 

_____

WAL-MART STORES EAST, LLP

By:

STATE OF FLORIDA

COUNTY OF _____

BEFORE ME, an officer duly authorized to administer oaths in the State and County aforesaid, personally appeared _____ who being by me first duly sworn, deposes and says that the foregoing answers to the interrogatories are true and correct to the best of his/her knowledge and belief.\

Witness my hand and seal at _____ (city), _____ County, _____ this \_\_\_\_ day of _____, 2026.



**JODY PHILLIPS**

CLERK OF THE CIRCUIT AND COUNTY COURTS

JACKSONVILLE, DUVAL COUNTY, FLORIDA

**RECEIPT**

5055529

Printed On:
01/28/2026 10:48
Page 1 of 1

| Receipt Number: 5055529 - Date 01/28/2026  Time 10:48:44AM | | | |
|---|---|---|---|
| **Received of:** | Morgan and Morgan TPV<br>20 N Orange Ave<br>Suite 1600<br>Orlando, FL 32801 | | |
| **Cashier Name:** EFile | | **Balance Owed:** | 411.00 |
| **Cashier Location:** E-Filing | | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** 8480323 | | **Remaining Balance:** | 0.00 |
| **Division:** CV-B(Circuit Court) | | | |

| Case# 16-2026-CA-000599-AXXX-MA -- PLAINTIFF: WATFORD, ELIJAH OMAR | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFILING | 17756404 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

## The clerk of courts is here to help you.

| | |
|---|---|
| We can be found online at: | **WWW.DUVALCLERK.GOV** |
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

DIVISION:  CV-B

IN RE: ALL PENDING CIVIL CASES
      ASSIGNED TO DIVISION CV-B

_____/

## STANDING ORDER ON POLICIES AND PROCEDURES GOVERNING ALL CIVIL CASES ASSIGNED TO DIVISION CV-B

To facilitate this Court's responsibility to actively case manage and ensure the timely and just disposition of all pending civil cases in this Division, the parties shall:

1.     Comply with Division *CV-B Policies and Procedures* which can be found on this Division's link on the Court's website[1] and be governed accordingly.

2.     Failure to comply with this Order may result in monetary and non-monetary sanctions, including, but not limited to, dismissal of the case, and striking of pleadings.

DONE AND ORDERED in Chambers, at Jacksonville, Duval County, Florida, on this 14th day of September, 2023.

KATIE L. DEARING
CIRCUIT COURT JUDGE

---

[1] See website: https://www.jud4.org.Ex-Parte-Procedures-and-Dates

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

16-2026-CA-000599-AXXX-MA DIV: CV-B

ELIJAH OMAR WATFORD,

       Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

       Defendant.

_____/

## SUMMONS

  THE STATE OF FLORIDA
  TO EACH SHERIFF OF THE STATE:

     YOU ARE COMMANDED to serve this summons and a copy of the Complaint, First

Request for Production, and First Interrogatories in this action on defendant:

**WALMART INC.**
**c/o REGISTERED AGENT, CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

     Each defendant is required to serve written defenses to the Complaint and responses to

First Request for Production, and First Interrogatories on plaintiff's attorney, whose name and

address is:

    **BRIAN F. MOORE**
    **Morgan & Morgan P.A**

    Florida Bar No.:  0086167
    *brian.moore@forthepeople.com*
    *szolanzs.szeremy@forthepoeple.com*
    501 Riverside Ave, Suite 1200
    Jacksonville, Florida 32202

904.944.8506 (phone)
904.944.8473 (fax)

within 20 days after service of this summons on that defendant, exclusive of the day of service,

and to file the original of the defenses with the clerk of this court either before service on

plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be

entered against that defendant for the relief demanded in the Complaint or petition.

03/25/2026

Jody Phillips    Clerk of Circuit Court

By: _____
    Deputy Clerk

Civil Division
Duval County Courthouse
501 W. Adams St.
Jacksonville, FL  32202
Phone (904) 255-2000

2

Case 3:26-cv-01346-MMH-MCR    Document 1-4    Filed 05/21/26    Page 25 of 65 PageID 146

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ELIJAH OMAR WATFORD,                    16-2026-CA-000599-AXXX-MA DIV: CV-B

      Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

      Defendant.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, First

Request for Production, and First Interrogatories in this action on defendant:

**WAL-MART STORES EAST, LP**
**c/o REGISTERED AGENT, CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the Complaint and responses to

First Request for Production, and First Interrogatories on plaintiff's attorney, whose name and

address is:

**BRIAN F. MOORE**
**Morgan & Morgan P.A**

Florida Bar No.:  0086167
*brian.moore@forthepeople.com*
*szolanzs.szeremy@forthepoeple.com*
501 Riverside Ave, Suite 1200
Jacksonville, Florida 32202

904.944.8506 (phone)
904.944.8473 (fax)

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or petition.

03/25/2026

Jody Phillips          Clerk of Circuit Court

By: _____
        Deputy Clerk

Civil Division
Duval County Courthouse
501 W. Adams St.
Jacksonville, FL  32202
Phone (904) 255-2000

2



**RECEIPT**

5096153

**JODY PHILLIPS**

CLERK OF THE CIRCUIT AND COUNTY COURTS

JACKSONVILLE, DUVAL COUNTY, FLORIDA

Printed On:
03/25/2026 01:20
Page 1 of 1

| Receipt Number: 5096153 - Date 03/25/2026  Time 1:20:45PM | | | |
|---|---|---|---|
| **Received of:** | Morgan and Morgan TPV<br>20 N Orange Ave<br>Suite 1600<br>Orlando, FL 32801 | | |
| **Cashier Name:** | EFile | **Balance Owed:** | 20.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 20.00 |
| **Receipt ID:** | 8523924 | **Remaining Balance:** | 0.00 |
| **Division:** | CV-B(Circuit Court) | | |

| Case# 16-2026-CA-000599-AXXX-MA -- PLAINTIFF: WATFORD, ELIJAH OMAR | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 20.00 | 20.00 | 0.00 |
| **Case Total** | **20.00** | **20.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 18424347 | **20.00** |
| **Total Received** | | **20.00** |
| **Total Paid** | | **20.00** |

## The clerk of courts is here to help you.

| | |
|---|---|
| We can be found online at: | **WWW.DUVALCLERK.GOV** |
| The main courthouse Location is: | **Clerk of the Circuit and County Courts**<br>**Duval County, Florida**<br>501 West Adams Street<br>Jacksonville, Florida 32202 |
| The main telephone number is: | 904-255-2000 |
| Other Locations: | **Neptune Beach Courthouse Annex**<br>1543 Atlantic Blvd<br>Neptune Beach, Florida 32266 |

Filing # 245844826 E-Filed 04/13/2026 01:57:30 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2026-CA-000599-AXXX-MA
DIVISION: CV-B


**ELIJAH OMAR WATFORD,**

    **Plaintiff,**

**-vs-**

**WALMART STORES EAST, LP**
**and WALMART, INC.,**

    **Defendant.**

_____

### CASE MANAGEMENT ORDER SETTING PROJECTED TRIAL DATE AND CASE MANAGEMENT DEADLINES

In accordance with Florida Rules of Civil Procedure Rule 1.200, it is,

**ORDERED** as follows:

1.    **CASE MANAGEMENT TRACK DESIGNATION**

Based on initial information provided on the Civil Case Cover Sheet and consideration of

the Complaint, this case is assigned to **the general case management track.**

Changes in track designation may be made in accordance with Rule 1.200(c).

2.    **PROJECTED TRIAL DATE**

**The Plaintiff has demanded a jury trial.**

The projected **jury** trial term date is **Monday, May 10, 2027**.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 04/14/2026 10:56:16 AM

The projected pretrial date is **Monday, April 19, 2027**.

**3.      PROJECTED TRIAL DURATION**

The projected time allocated for the trial is **5 days or less.**

**4.      PROJECTED PRE-TRIAL DEADLINES**

| | |
|---|---|
| **a.** Service of Complaint | *See* Fla. R. Civ. P. Rule 1.070 |
| **b.** Service Under Extensions | *See* Fla. R. Civ. P. Rule 1.070 |
| **c.** Adding New Parties | 120 days after service of the Complaint |
| **d.** Filing and Resolution of all Objections to Pleadings | 60 days after service of the Complaint |
| **e.** Expert Witness Disclosure | Plaintiff: 180 days before the pre-trial conference; Defendant: 150 days before pre-trial conference |
| **f.** Completion of Fact Discovery | 90 days prior to the pre-trial conference |
| **g.** Completion of Expert Discovery | 90 days prior to the pre-trial conference |
| **h.** Filing and Service of Motions for Summary Judgment | 90 days prior to the pre-trial conference |
| **i.** Filing and Resolution of all Pretrial Motions (including summary judgment motions) | 14 days prior to the pre-trial conference |
| **j.** Completion of Alternative Dispute Resolution | 60 days before pre-trial conference |

**The deadlines established by this order will be strictly enforced unless changed by court order.**

**5.      CASE MANAGEMENT CONFERENCE FOLLOWING THE SETTING OF**

**THE PROJECTED TRIAL DATE**

A Case Management Conference ("CMC") pursuant to Fla. R. Civ. P. Rule 1.200(j) will be

convened on **Monday, July 27, 2026, at <u>10:00am</u>** at the Duval County Courthouse, 501 W. Adams Street, Hearing Room 701, Jacksonville, Florida 32202.

Upon notice to the Court's judicial assistant, counsel for the parties may appear by Zoom at the Case Management Conference. To join Zoom on your smart phone, tablet, or computer https://zoom.us/j/2751507351. Please notify the Court of counsel's intention to appear via Zoom. <u>Unless notified otherwise, the Court shall assume that all counsel and unrepresented parties will be appearing in person</u>.

The purpose of this Case Management Conference is to provide the parties or their counsel an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

Accordingly, no later than **10 days** prior to this CMC, the parties or their counsel shall, in a meeting initiated by Plaintiff(s) or their counsel if represented, confer with each other regarding the particular case management needs of the case, including but not limited to:

a.    whether the parties adopt the projected trial date/duration set forth above; or

b.    whether the parties agree that a different actual trial date/duration should govern this case; and

c.    whether the CMC should be cancelled because the parties have submitted a Trial Set Memorandum as set forth below.

**The parties may avoid this CMC by filing and submitting to the Court's Judicial Assistant  a completed Division CV-B Trial Set Memorandum no later than 7 days prior to the date of this CMC advising the Court whether the parties adopt the projected trial date/duration set forth above OR whether the parties agree that a different actual trial date/duration (consistent with the time standards set forth in Fla. Gen. Prac. and J. Admin.**

---

**Rule 2.250) should govern this case.** If the trial set memorandum is timely submitted, the Court will, upon request, cancel this CMC. Unless the Court cancels the CMC, the CMC shall proceed.

Upon the failure of a party, or their counsel if represented, to attend this CMC or to submit a completed Trial Set Memorandum, the Court may set an actual trial date, dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend. Fla. R. Civ. P. Rules 1.200(j)(6) and 1.420(b).

### 6.      ORDER SETTING ACTUAL TRIAL DATE

Following either the CMC or the receipt of a Trial Set Memorandum from the parties, each Division will enter a superseding order setting an actual trial date within the time standards prescribed by Florida Rule of General Practice and Judicial Administration 2.550, along with deadlines and requirements of counsel pursuant to Florida Rules of Civil Procedure 1.200 and 1.440.

### 7.      MOTIONS OR OBJECTIONS DIRECTED TO PLEADINGS

Within 60 days of filing a Motion to Dismiss, a Motion for More Definite Statement, a Motion to Strike or any objection to a pleading, the moving or objecting party shall schedule with the Court's Judicial Assistant a hearing on the motion or objection.  Failure to do so shall result in the motion or objection being deemed abandoned and denied. The nonmoving party shall promptly submit a proposed order confirming that the motion or objection is denied.

### 8.      SERVICE OF THIS ORDER

The Plaintiff shall serve a copy of this Case Management Order on all other parties to this action and shall file a Certificate of Service reflecting the date on which the party was served.

**DONE AND ORDERED** in Chambers at Jacksonville, Duval County, Florida, this

**Monday, April 13, 2026**.

16-2026-CA-000599-AXXX-MA 04/13/2026 01:55:56 PM

**KATIE L. DEARING, CIRCUIT JUDGE**

Katie Dearing, Judge
16-2026-CA-000599-AXXX-MA 04/13/2026 01:55:56 PM

Copy furnished to:

Brian Fitzpatrick Moore

Court Stamp Here

# RETURN OF SERVICE

| Court | | |
|---|---|---|
| **FL Fourth Judicial Circuit Court, Duval County** | | |

| Plaintiff | Case # |
|---|---|
| **ELIJAH OMAR WATFORD** | **16-2026-CA-000599-AXXX-MA** |

| Defendant | Hearing Date/Time |
|---|---|
| **WALMART STORES EAST, LP; Et Al.** | **07/27/2026  10:00 AM** |

| Person to be Served | Came to Hand Date/Time |
|---|---|
| **WAL-MART STORES EAST, LP c/o CT CORPORATION SYSTEM, REGISTERED AGENT** | **4/23/2026        7:16 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Corporate** | **4/23/2026        2:55 PM** |

| Documents | Service Fee |
|---|---|
| **Summons;Complaint;CASE MANAGEMENT ORDER SETTING PROJECTED TRIAL DATE AND CASE MANAGEMENT DEADLINES;FIRST REQUEST FOR PRODUCTION;STANDING ORDER ON POLICIES AND PROCEDURES  GOVERNING ALL CIVIL CASES ASSIGNED TO DIVISION CV-B;PLAINTIFF'S RULE 26(a)(1)** | **$0.00** |

On **4/23/2026** at:
**1200 S Pine Island Rd, Plantation, FL 33324** I served **WAL-MART STORES EAST, LP c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by:

Leaving **1** copy(ies) of this process with **CT Corporation System, Registered Agent**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to CT Corporation System, Registered Agent. The individual appeared to be a brown-haired white female contact 45-55 years of age, 5'-5'4" tall and weighing 120-140 lbs.  Donna Moch mgr is the point of contact for this address**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | **SPS1551** | 04/23/2026 |
| Daniel Cohen | Process Server ID | Date Executed |

Ref  **Watford-Walmart 2**



 **Morgan & Morgan Plantation**

Tracking # **0219957808**



Filing # 244465141 E-Filed 03/24/2026 12:16:32 PM

Delivered on 04/23/2026 at 02:55 PM
By Daniel Cohen
Reg. # SPS1551
Ex. 09/03/2026

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

ELIJAH OMAR WATFORD,                    16-2026-CA-000599-AXXX-MA DIV: CV-B

       Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

       Defendant.

_____/

## **SUMMONS**

  THE STATE OF FLORIDA
  TO EACH SHERIFF OF THE STATE:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint, First

Request for Production, and First Interrogatories in this action on defendant:

**WAL-MART STORES EAST, LP**
**c/o REGISTERED AGENT, CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

      Each defendant is required to serve written defenses to the Complaint and responses to

First Request for Production, and First Interrogatories on plaintiff's attorney, whose name and

address is:

     **BRIAN F. MOORE**
     **Morgan & Morgan P.A**

     Florida Bar No.:  0086167
     *brian.moore@forthepeople.com*
     *szolanzs.szeremy@forthepoeple.com*
     501 Riverside Ave, Suite 1200
     Jacksonville, Florida 32202

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/25/2026 01:20:44 PM

904.944.8506 (phone)
904.944.8473 (fax)

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or petition.

03/25/2026

Jody Phillips            Clerk of Circuit Court

By: _____

        Deputy Clerk

Civil Division
Duval County Courthouse
501 W. Adams St.
Jacksonville, FL  32202
Phone (904) 255-2000

2

# RETURN OF SERVICE

Court Stamp Here

| | |
|---|---|
| **Court**<br>**FL Fourth Judicial Circuit Court, Duval County** | |
| **Plaintiff**<br>**ELIJAH OMAR WATFORD** | **Case #**<br>**16-2026-CA-000599-AXXX-MA** |
| **Defendant**<br>**WALMART STORES EAST, LP; Et Al.** | **Hearing Date/Time**<br>**07/27/2026  10:00 AM** |
| **Person to be Served** **WALMART INC. c/o CT CORPORATION SYSTEM, REGISTERED AGENT** | **Came to Hand Date/Time**<br>**4/23/2026       7:16 AM** |
| **Manner of Service**<br>**Corporate** | **Service Date/Time**<br>**4/23/2026       2:55 PM** |
| **Documents** **Exhibits;Complaint;Summons;CASE MANAGEMENT ORDER SETTING PROJECTED TRIAL DATE AND CASE MANAGEMENT DEADLINES;FIRST REQUEST FOR PRODUCTION;STANDING ORDER ON POLICIES AND PROCEDURES  GOVERNING ALL CIVIL CASES ASSIGNED TO DIVISION CV-B;** | **Service Fee**<br>**$0.00** |

On **4/23/2026** at:
**1200 S Pine Island Rd, Plantation, FL 33324** I served **WALMART INC. c/o CT CORPORATION SYSTEM, REGISTERED AGENT** by:

Leaving **1** copy(ies) of this process with **CT Corporation System, Registered Agent**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to CT Corporation System, Registered Agent. The individual appeared to be a brown-haired white female contact 45-55 years of age, 5'-5'4" tall and weighing 120-140 lbs.  Donna Moch mgr is the point of contact for this address**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| Daniel Cohen | **SPS1551**<br>Process Server ID | 04/23/2026<br>Date Executed |

Ref  **Watford-Walmart 1**



 **Morgan & Morgan Plantation**

Tracking # **0219957792**



Filing # 244465141 E-Filed 03/24/2026 12:16:32 PM

Delivered on 04/23/2026 at 02:55 PM
By Daniel Cohen
Reg. # SPS1551
Ex. 09/03/2026

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

16-2026-CA-000599-AXXX-MA DIV: CV-B

ELIJAH OMAR WATFORD,

      Plaintiff,

v.

WALMART INC. and
WAL-MART STORES EAST, LP,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint, First

Request for Production, and First Interrogatories in this action on defendant:

**WALMART INC.**
**c/o REGISTERED AGENT, CT CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the Complaint and responses to

First Request for Production, and First Interrogatories on plaintiff's attorney, whose name and

address is:

**BRIAN F. MOORE**
**Morgan & Morgan P.A**

Florida Bar No.:  0086167
*brian.moore@forthepeople.com*
*szolanzs.szeremy@forthepoeple.com*
501 Riverside Ave, Suite 1200
Jacksonville, Florida 32202

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/25/2026 01:20:44 PM

904.944.8506 (phone)
904.944.8473 (fax)

within 20 days after service of this summons on that defendant, exclusive of the day of service,

and to file the original of the defenses with the clerk of this court either before service on

plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be

entered against that defendant for the relief demanded in the Complaint or petition.

03/25/2026

Jody Phillips    Clerk of Circuit Court

By: _____

Deputy Clerk

Civil Division
Duval County Courthouse
501 W. Adams St.
Jacksonville, FL  32202
Phone (904) 255-2000

2

Filing # 247314086 E-Filed 05/01/2026 04:26:27 PM

<div align="right">

IN THE CIRCUIT COURT IN AND FOR
DUVAL COUNTY, FL

</div>

ELIJAH OMAR WATFORD,                    Case No.: 16-2026-CA-000599-AXXX-MA

        Plaintiff,

vs.

WALMART INC. AND WAL-MART
STORES EAST, LP,

        Defendant.

_____/

<div align="center">

### DEFENDANT'S NOTICE OF DESIGNATION OF
### EMAIL ADDRESS FOR SERVICE

</div>

    Please take notice that ROIG LAWYERS as attorneys for Defendant, WALMART INC.

AND WAL-MART STORES EAST, LP, hereby files this Notice of Designation of Email Address

for Service pursuant to Fla. R. Jud. Admin. 2.516 and hereby requests that all pleadings in the

above-styled action be served via E-mail to:

**PRIMARY:**        **liabilitypleadings@roiglawyers.com**
**SECONDARY:**    **jhackman@roiglawyers.com**

<div align="center">

***These E-Mail addresses are ONLY for service of documents
as described in Rule 2.516***

</div>

Please note that said designation applies to any and all attorneys employed by ROIG LAWYERS

who have appeared in any form in the instant matter.

<div align="center">

Page **1** of **2**

</div>

Case No.: 16-2026-CA-000599-AXXX-MA

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 1st day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202 at
Brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com

                  ROIG LAWYERS
                  JENNA T. HACKMAN, ESQ.
                  50 N. Laura Street, Suite 2518
                  Jacksonville, FL 32202
                  (954) 354-1544/Fax No.: (904) 301-9341
                  liabilitypleadings@roiglawyers.com
                  jhackman@roiglawyers.com

                  BY:   /s/ JENNA T. HACKMAN
                  JENNA T. HACKMAN, ESQ.
                  Florida Bar No. 461466
                  Attorney for WALMART INC. AND WAL-MART STORES EAST, LP

Case No.: 16-2026-CA-000599-AXXX-MA

Filing # 247314206 E-Filed 05/01/2026 04:27:22 PM

IN THE CIRCUIT COURT IN AND FOR
DUVAL COUNTY, FL

ELIJAH OMAR WATFORD,                          Case No.: 16-2026-CA-000599-AXXX-MA

          Plaintiff,

vs.

WALMART INC. AND WAL-MART
STORES EAST, LP,

          Defendant.

_____/

## NOTICE OF APPEARANCE

Please take notice that ROIG LAWYERS hereby files its Notice of Appearance as counsel

of record for the Defendant, WALMART INC. AND WAL-MART STORES EAST, LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
E-Mail this 1st day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202 at
Brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com

ROIG LAWYERS
JENNA T. HACKMAN, ESQ.
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
(954) 354-1544/Fax No.: (904) 301-9341
liabilitypleadings@roiglawyers.com
jhackman@roiglawyers.com

BY:   /s/ JENNA T. HACKMAN
JENNA T. HACKMAN, ESQ.
Florida Bar No. 461466
Attorney for WALMART INC. AND WAL-
MART STORES EAST, LP

Page **1** of **1**

Case No.: 16-2026-CA-000599-AXXX-MA

Filing # 247428816 E-Filed 05/04/2026 04:32:45 PM

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

ELIJAH OMAR WATFORD,

Case No.: 16-2026-CA-000599-AXXX-MA

      Plaintiff,

vs.

WALMART INC. AND WAL-MART STORES EAST, LP ,

      Defendant.

_____/

## NOTICE OF UNAVAILABILITY

TO:    ALL PARTIES TO THIS CAUSE AND ALL OTHERS WHOM IT MAY CONCERN ARE CALLED UPON TO TAKE NOTICE THAT:

The undersigned attorney, **JENNA T. HACKMAN, ESQ.** shall be unavailable for the period:
**June 8, 2026 through and including June 22, 2026**

and during this period of unavailability, respectfully requests that no hearings, depositions, inspections, mediations, trials, deadlines, and court-related proceedings be scheduled during this time period that would require the appearance of **JENNA T. HACKMAN, ESQ.**

The undersigned further requests that no deadlines be set to begin or expire during the period of unavailability, to the extent practicable, and that opposing counsel and the Court take this notice into account when scheduling or resetting any matters.

    This Notice is being filed in good faith and not for the purpose of delay.

    The filing and service of this Notice shall constitute an application and request for continuance, extension of time and/or for a protective order as required for the above reason.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 05/04/2026 04:32:51 PM

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 4th day of May, 2026 to:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202  at:
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
(954) 345-1544 / (904) 301-9341 Fax
jhackman@RoigLawyers.com
LiabilityPleadings@RoigLawyers.com

BY:    /S/ Jenna T. Hackman
**JENNA T. HACKMAN, ESQ.**
Florida Bar No. 461466

Case No. 16-2026-CA-000599-AXXX-MA

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

ELIJAH OMAR WATFORD,

Case No.: 16-2026-CA-000599-AXXX-MA

      Plaintiff,

Claim No.: 2026-011105

vs.

WALMART INC. AND WAL-MART STORES EAST, LP ,

      Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, WALMART INC. AND WAL-MART STORES EAST, LP , (hereinafter "WALMART") by and through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's Complaint and as such would state as follows:

1.     Defendants deny paragraph 1.

2.     Defendants are without knowledge and therefore deny paragraph 2.

3.     Defendants deny paragraph 3  as phrased.

4.     Defendants admit the incident is alleged to have occurred in Duval County, Florida but deny any inference of liability in paragraph 4.

5.     Defendants deny paragraph 5 and demand strict proof thereof.

6.     Defendants deny paragraph 6 and demand strict proof thereof.

7.     Defendants deny paragraph 7 and demand strict proof thereof.

8.     Defendants deny paragraph 8 and demand strict proof thereof.

9.     Defendants deny paragraph 9 and demand strict proof thereof.

10.     Defendants deny paragraph 10 and demand strict proof thereof.

11.     Defendants deny paragraph 11 and demand strict proof thereof.

12.     Defendants deny paragraph 12 and demand strict proof thereof.

13.     Defendants deny paragraph 13 and demand strict proof thereof.

14.     Defendants deny paragraph 14 and demand strict proof thereof.

15.     Defendants deny paragraph 15 and demand strict proof thereof.

16.     Defendants deny paragraph 16 and demand strict proof thereof.

17.     Defendants deny paragraph 17 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### Second Affirmative Defense

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control or supervision of Defendant, and therefore, Plaintiff cannot recover against Defendant. Any damages awarded to Plaintiff are subject to apportionment by the jury of the total fault of all participants in this action pursuant the reasoning outlined by the court in *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996) and *Fabre v. Marin,* 623 So. 2d 782 (Fla. 1993), and the provisions of Florida's Tort Reform Act, section 768.71, Florida Statutes, and Florida's Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes.

Case No. 16-2026-CA-000599-AXXX-MA

### Third Affirmative Defense

Plaintiff knew, or reasonably should have known, of the potential hazards and dangers alleged in the Complaint, and is barred from recovery against Defendant on the grounds of assumption of risk.

### Fourth Affirmative Defense

Pursuant to Section 768.76, Florida Statutes, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

### Fifth Affirmative Defense

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Section 768.81, Florida Statutes.

### Sixth Affirmative Defense

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur and therefore Plaintiff is barred from recovery. Or, in the alternative, any award rendered to the Plaintiff would be reduced by the amount of her own negligence according to the principles of comparative negligence. Further, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than 50% at fault for her own harm, Plaintiff's claim would be barred by section 768.36, Florida Statutes.

### Seventh Affirmative Defense

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

Case No. 16-2026-CA-000599-AXXX-MA

## Eighth Affirmative Defense

Defendant had no constructive or actual knowledge of the alleged dangerous condition or defect under section 768.0755, Florida Statutes. Plaintiffs claims of negligence by mode of operation are barred by operation of section 768.0755, and Florida law.

## Ninth Affirmative Defense

Defendant asserts any possible danger or defect alleged in the Complaint was open and obvious to anyone using reasonable care. Accordingly, Plaintiff cannot recover from this Defendant.

## Tenth Affirmative Defense

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004).

## Eleventh Affirmative Defense

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

## Twelfth Affirmative Defense

Defendant is entitled to a set-off for any amount paid or to be paid to Plaintiff related to any damages or injuries asserted in the Complaint pursuant to sections 769.50, 768.31 and/or 768.76, Florida Statutes, if Plaintiff received payments, medical payments from a collateral source of from a potential tortfeasor.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

Page **4** of **6**

Case No. 16-2026-CA-000599-AXXX-MA

## DEMAND FOR JURY TRIAL

**WHEREFORE**, the Defendant, WALMART INC. AND WAL-MART STORES EAST, LP , demands a trial by jury of all issues so triable as of right by a jury.

Case No. 16-2026-CA-000599-AXXX-MA

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this __11th__ day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202  at:
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
(954) 354-1544 / (904) 301-9341
Pleadings@RoigLawyers.com


BY:___Jenna T. Hackman_____
      JENNA T. HACKMAN, ESQ.
      Florida Bar No.  461466

Case No. 16-2026-CA-000599-AXXX-MA

Filing # 247974416 E-Filed 05/12/2026 11:26:32 AM

IN THE CIRCUIT COURT OF THE 4TH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

ELIJAH OMAR WATFORD,                    Case No.: 16-2026-CA-000599-AXXX-MA

          Plaintiff,

vs.

WALMART INC. AND WAL-MART
STORES EAST, LP,

          Defendants.
_____/

## NOTICE OF COMPLIANCE WITH RULE 1.280(A)(1) DISCLOSURES

Defendants, WALMART INC. AND WAL-MART STORES EAST, LP, by and through

the undersigned attorneys, provides notice on May 12, 2026, of serving its Initial Disclosures upon

Plaintiff, ELIJAH OMAR WATFORD, pursuant to Florida Rules of Civil Procedure 1.280(a)(1).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by
E-Mail this 12th day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
Attorney for Plaintiff

          ROIG LAWYERS
          50 N. Laura Street, Suite 2518
          Jacksonville, FL 32202
          (954) 354-1544 / (904) 301-9341 Fax
          Primary: liabilitypleadings@RoigLawyers.com
          Secondary: jhackman@roiglawyers.com

          BY:   /s/ Jenna T. Hackman
               JENNA T. HACKMAN, ESQ.
               Florida Bar No. 461466
               Attorney For Defendant

IN THE CIRCUIT COURT OF THE 4TH
JUDICIAL CIRCUIT IN AND FOR DUVAL
COUNTY, FLORIDA

ELIJAH OMAR WATFORD,                          Case No.: 16-2026-CA-000599-AXXX-MA

              Plaintiff,

       vs.

WALMART INC. AND WAL-MART
STORES EAST, LP,

              Defendants.

_____/

## DEFENDANTS, WALMART INC. AND WAL-MART STORES EAST, L.P. 'S REQUEST FOR ADMISSIONS TO PLAINTIFF

       Defendants, **WALMART INC. and WAL-MART STORES EAST, LP,** by and through
its undersigned counsel and pursuant to the applicable Florida Rules of Civil Procedure requests
the Plaintiff, ELIJAH OMAR WATFORD, admit or deny the following:

1.     Admit you claim to have sustained injuries from the incident complained of in the
Complaint.

2.     Admit you underwent treatment for injuries you relate to the incident complained of in the
Complaint.

3.     Admit you incurred medical bills for treatment you relate to the incident complained of in
the Complaint.

4.     Admit that Plaintiff has produced all medical records for the past 10-years without any
documentation being removed or altered from the original set of medical records maintained and
originally produced by the healthcare provider or medical facility.

5.     Admit that Plaintiff has produced all medical records related to any physical injury
allegedly caused or aggravated by the accident identified within Plaintiff's Complaint, without any
documentation being removed or altered from the original set of medical records maintained and
originally produced by the healthcare provider or medical facility.

6.      Admit that Plaintiff has produced all medical records related to any physical injury sustained by Plaintiff in any accidents subsequent to the incident alleged within Plaintiff's Complaint without any documentation being removed or altered from the original set of medical records maintained and originally produced by the healthcare provider or medical facility.

7.      Admit that Plaintiff has produced all medical records related to any physical injury sustained by Plaintiff in any accidents in the past 10 years without any documentation being removed or altered from the original set of medical records maintained and originally produced by the healthcare provider or medical facility.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 12th day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
Attorney for Plaintiff

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
(954) 354-1544 / (904) 301-9341 Fax
Primary: liabilitypleadings@RoigLawyers.com
Secondary: jhackman@roiglawyers.com

BY:    /s/ Jenna T. Hackman
        JENNA T. HACKMAN, ESQ.
        Florida Bar No. 461466
        Attorney For WALMART INC. and WAL-
        MART STORES EAST, LP

Page **2** of **2**

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

ELIJAH OMAR WATFORD,                     Case No.: 16-2026-CA-000599-AXXX-MA

        Plaintiff,

vs.

WALMART INC. AND WAL-MART STORES EAST, LP,

        Defendants.

_____/

### DEFENDANTS, WALMART INC. and WAL-MART STORES EAST, L.P.'S REQUEST FOR PRODUCTION TO PLAINTIFF
(Including Production under Florida Statutes, §768.0427)

Defendants, **WALMART INC. and WAL-MART STORES EAST, LP**, by and through undersigned counsel, respectfully request that Plaintiff pursuant to Fla. R. Civ. P., Rules 1.280 & 1.350(a); Florida Bar Guidelines for Professional Conduct §G(4) captioned as "Document Demands"; Fla. R. Gen. Jud. Admin. 2.250; Florida Statutes, §768.0427 (Fla. 2023) and §456.057(6) (Fla. 2023), hereby Requests that Plaintiff produce for inspection and/or copying at the offices of the undersigned, the following:

### SCHEDULE "A" - - DEFINITIONS AND INSTRUCTIONS

In response to Defendant's Request for Production, pursuant to legal and ethical authorities, Plaintiff must produce copies of all medical records generated over the past 10-years. Pursuant to Rule 1.350(a), Plaintiff has possession, custody or control over the requested medical records. Plaintiff has the legal right and practical ability to secure copies of all medical records which includes radiology studies. Plaintiff's production of all medical records for the past 10-years, when responding to Defendant's discovery request, is consistent with Fla. R. Civ. P., Rules 1.280 and 1.350(a); Florida Bar Guidelines for Professional Conduct §G(4) captioned as "Document Demands"; Fla. R. Gen. Jud. Admin. 2.250; Florida Statutes, §768.0427 (Fla. 2023); Florida

Statutes, §768.0427 (Fla. 2023); and Florida Statutes, §456.057(6) (Fla. 2023).   These records are requested in advance of Plaintiff's deposition and completion of the anticipated Compulsory Medical Exam.

This request for production includes medical care provided by any physicians, medical facilities or other health care providers by whom or at which Plaintiff has been examined or treated in the prior 10-years.[1]  This request includes all "health care providers" defined by Florida Statutes, §768.0427 (Fla. 2023).  This request for medical records includes but is not limited to all hospital care, clinical care, emergency room examinations, emergency medical services such as Fire Rescue and Ambulance, x-rays, all radiology studies, CT Scans, MRI Scans, X-rays, physical therapy, chiropractic care, pain management studies, including studies to assess the origin or etiology of pain, tomography studies, medical reports, and doctors' reports.  It is inadequate for Plaintiff to produce radiology reports without simultaneously producing digital radiology films on CD disc which correspond to each radiology report.  It is inadequate for Plaintiff to respond with partial sets of medical records or radiology films.  Moreover, it is inadequate for Plaintiff to simply provide Defendant with medical authorizations, thereby transferring this discovery burden to the Defendant, which further protracts this litigation by requiring that Defendant thereby issue subpoenas to obtain the medical records already within Plaintiff's possession, custody or control[2].  This request includes,

_____

[1] This 10-year timeframe is consistent with the Supreme Court's approved Personal Injury Interrogatory #16 which states the following: "List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated"

[2] Defendant anticipates separately issuing subpoenas to select healthcare providers identified within Plaintiff's Interrogatory disclosures to ensure that all medical records are secured and produced by the respective healthcare providers.  That process is timely.  Plaintiff cannot evade his responsibility to produce all medical within his possession, custody or control by stating that the records are also available to Defendant through the subpoena process.  This avoidance is improper.  To find otherwise, would essentially undermine the established body of authority cited herein.

2

but is not limited to, the production of all medical records from healthcare providers identified within Plaintiff's responses to Defendant's Interrogatories.

### MANNER OF PRODUCTION[3]

Rule 1.350(b), Florida Rules of Civil Procedure, requires that a party producing documents for inspection produce them as they are maintained in the usual course of business or identify them to correspond with the categories in the request.[4]    Additionally, if feasible, all of the documents should be made available simultaneously, so the party inspecting can determine the desired order of review.   If documents are produced as they are kept in the usual course of business, the producing party has a duty to explain the general scheme of record-keeping to the inspecting party. The objective is to acquaint the inspecting party generally with how and where the documents are maintained. If the documents are produced to correspond with the categories in the request, some reasonable effort should be made to identify certain groups of the produced documents with particular categories of the request or to provide some meaningful description of the documents produced. The producing party is not obligated to rearrange or reorganize the documents.[5]

---

[3] Citing from the Florida Handbook on Civil Discovery Practice 2024.

[4]  Fla. R. Civ. P.  1.350(b); Evangelos v. Dachiel, 553 So. ad 245 (Fla. ad DCA 1989)

[5]  Evangelos v. Dachiel, 553 So. Nd 245 (Fla. 3d DCA 1989)

3

## SCHEDULE "B" – RECORDS REQUEST

1.  A color copy of the front and back of all valid driver's licenses or government issued picture identification card.

2.  Color copies of all health insurance cards for health insurance coverage in effect at the time of the incident.

3.  Any and all photographs taken by you and/or any person on your behalf taken after the Incident alleged in the Complaint. ("Incident" is defined as the accident or other event which is the subject of this claim)

4.  Color copies of your Medicare/Medicaid cards, if applicable.

5.  Any and all videos taken by you and/or by any person on your behalf taken after the Incident.

6.  All correspondence to or from any individual who is expected to testify as an expert witness at trial on your behalf. All documents or tangible evidence which you claim supports your contention that WAL-MART STORES EAST, LP was negligent or otherwise caused or contributed to the damages allegedly sustained in the Complaint.

7.  All documents that constitute, relate, or refer to an investigation of or an inquiry into the Incident.

## Medical Records

8.  Produce all medical records for the past 10-years.

9.  Produce all medical records related to any personal/physical injury allegedly caused or aggravated by the accident identified within Plaintiff's Complaint.

10. Produce all medical and related bills paid or owing, including receipts, canceled checks or similar documents related to any treatment or examination resulting from the alleged accident described within Plaintiff's Complaint.

11. Produce all medical records associated with any claim for emotional distress arising from the accident described within Plaintiff's Complaint.

4

**Disclosures under Florida Statutes, §768.0427(2)**
**Admissible Evidence of Medical Treatment or Service Expenses**

12. Produce all documentation which evidences "the amount of damages for past medical treatment or services that have been satisfied and paid, regardless of the source of payment." See, Fla. Stat. §768.0427(2)(a)

13. Produce all documentation which evidences the amount necessary to satisfy unpaid charges for incurred medical treatment or services as provided by the following: See, Fla. Stat. §768.0427(2)(b)

    a. If Plaintiff has health care coverage other than Medicare or Medicaid, produce all documentation evidencing the amount which such health care coverage[6] is obligated to pay the health care providers to satisfy the charges for the Plaintiff's incurred medical treatment or services, plus the Plaintiff's share of medical expenses under the insurance contract or regulation.[7]  See, Fla. Stat. §768.0427(2)(b)(1)

    b. If the Plaintiff has health care coverage but obtains treatment under a letter of protection or otherwise and does not submit charges for any health care provider's medical treatment or services to health care coverage, then produce all documentation which evidences the amount the Plaintiff's health care coverage would pay the health care provider to satisfy the past unpaid medical charges under the insurance contract or regulation, plus the Plaintiff's share of medical expenses

---

[6] Pursuant to Fla. Stat. §768.0427(1)(b) "Health care coverage" means any third-party health care or disability services financing arrangement, including, but not limited to, arrangements with entities certified or authorized under federal law or under the Florida Insurance Code; state or federal health care benefit programs; workers' compensation; and personal injury protection.

[7] Fla. R. Civ. P., Rule 1.280, effective January 1, 2025 requires initial discovery disclosures from all Parties, including a computation of damages and a description of documentation that may be used to support Plaintiff's claims.  Defendant contends that this Request for Production of Medical records and information herein is consistent with the disclosures required by Rule 1.280.

5

under the insurance contract or regulation, had the Plaintiff obtained medical services or treatment pursuant to the health care coverage. See, Fla. Stat. §768.0427(2)(b)(2)

c. If the Plaintiff does not have health care coverage or has health care coverage through Medicare or Medicaid, then produce all documentation evidencing 120 percent of the Medicare reimbursement rate in effect on the date of the Plaintiff incurred medical treatment or services, or, if there is no applicable Medicare rate for a service, then all documentation evidencing 170 percent of the applicable state Medicaid rate. See, Fla. Stat. §768.0427(2)(b)(3)

d. If the Plaintiff obtains medical treatment or services under a letter of protection and the health care provider subsequently transfers the right to receive payment under the letter of protection to a third party, then produce all documentation evidencing the amount the third party paid or agreed to pay the health care provider in exchange for the right to receive payment pursuant to the letter of protection. See, Fla. Stat. §768.0427(2)(b)(4)

e. Produce all documentation supporting the allegedly reasonable dollar amounts billed to the Plaintiff for medically necessary treatment or medically necessary services provided to the Plaintiff.  See, Fla. Stat. §768.0427(2)(b)(5)

**Disclosures under Fla. Stat. §768.0427(2)(c)**

14. Evidence offered to prove the amount of damages for any future medical treatment or services the Plaintiff will receive shall include, but is not limited to, evidence as provided in the following paragraph: See, Fla. Stat. §768.0427(2)(c)

a. If the Plaintiff has health care coverage other than Medicare or Medicaid, or is eligible for any such health care coverage, then produce all documentation

6

evidencing the amount for which the future charges of health care providers could be satisfied if submitted to such health care coverage, plus the Plaintiff's share of medical expenses under the insurance contract or regulation. See, Fla. Stat. §768.0427(2)(c)(1)

b.  If the Plaintiff does not have health care coverage or has health care coverage through Medicare or Medicaid, or is eligible for such health care coverage, then produce all documentation evidencing 120 percent of the Medicare reimbursement rate in effect at the time of trial for the medical treatment or services the Plaintiff will receive, or, if there is no applicable Medicare rate for a service, 170 percent of the applicable state Medicaid rate. See, Fla. Stat. §768.0427(2)(c)(2)

c.  Produce all documentation supporting the allegedly reasonable future amounts to be billed to the Plaintiff for medically necessary treatment or medically necessary services. See, Fla. Stat. §768.0427(2)(c)(3)

### **Letters of Protection – Required Disclosures[8]**
### **(Disclosures under Fla. Stat. §768.0427(3))**

15. Produce all "Letters of Protection[9] or similar agreements entered into with all health care providers related to the rendering of any medical care or services arising from the incident alleged within Plaintiff's Complaint.   See, Fla. Stat. §768.0427(3)(a)

---

[8] Pursuant to Fla. Stat. §768.0427(3) – "In a personal injury or wrongful death action, as a condition precedent to asserting any claim for medical expenses for treatment rendered under a letter of protection, the claimant must disclose" the information set forth within Fla. Stat. §768.0427(3)(a)-(e).  In this respect, Defendant's discovery requests under this Statutory Section are an attempt to discover this information. Of importance, Defendant takes the position that a discovery request is not required to obtain the disclosures necessary for Plaintiff to comply with the "condition precedent."  These disclosures are required of Plaintiff even without Defendant's discovery request propounded herein.

[9]  Pursuant to Fla. Stat. §768.0427(1)(d), "Letter of Protection" means any arrangement by which a health care provider renders treatment in exchange for a promise of payment for the claimant's medical expenses

16. Produce all billings for the Plaintiff's medical expenses, which must be itemized and, to the extent applicable, coded according to the following: See, Fla. Stat. §768.0427(3)(b)

    a. For health care providers billing at the provider level, the American Medical Association's Current Procedural Terminology (CPT), or the Healthcare Common Procedure Coding System (HCPCS), in effect on the date the services were rendered. See, Fla. Stat. §768.0427(3)(b)(1)

    b. For health care providers billing at the facility level for expenses incurred in a clinical or outpatient setting, including when billing through an Ambulatory Payment Classification (APC) or Enhanced Ambulatory Patient Grouping (EAPG), the International Classification of Diseases (ICD) diagnosis code and, if applicable, the American Medical Association's Current Procedural Terminology (CPT), in effect on the date the services were rendered. See, Fla. Stat. §768.0427(3)(b)(2)

    c. For health care providers billing at the facility level for expenses incurred in an inpatient setting, including when billing through a Diagnosis Related Group (DRG), the International Classification of Diseases (ICD) diagnosis and procedure codes in effect on the date in which the claimant is discharged. See, Fla. Stat. §768.0427(3)(b)(3)

17. If the health care provider sells (or sold) the accounts receivable for the Plaintiff's medical expenses to a factoring company[10] or other third party, then the following discovery is required:   See, Fla. Stat. §768.0427(3)(c)

---

from any judgment or settlement of a personal injury or wrongful death action. The term includes any such arrangement, regardless of whether referred to as a letter of protection.

[10] Pursuant to Fla. Stat. §768.0427(1)(a) "Factoring company" means a person who purchases a health care provider's accounts receivable at a discount below the invoice value of such accounts.

8

a. Documentation evidencing the name of the factoring company or other third party who purchased such accounts. See, Fla. Stat. §768.0427(3)(c)(1)

b. Documentation evidencing the dollar amount for which the factoring company or other third party purchased such accounts, including any discount provided below the invoice amount. See, Fla. Stat. §768.0427(3)(c)(2)

18. Documentation reliability evidencing whether the Plaintiff, at the time medical treatment was rendered, had health care coverage and, if so, the full identity of such coverage. See, Fla. Stat. §768.0427(3)(d)

19. All documentation evidencing whether Plaintiff was referred for treatment under a letter of protection, and, if so, then Defendant is further requesting production of all the following documentation:  See, Fla. Stat. §768.0427(3)(e)

a. Produce all documentation evidencing the identity of the person who made the referral in this specific case. See, Fla. Stat. §768.0427(3)(e)

b. If the referral is made by the Plaintiff's attorney, then disclosure of the referral is permitted, and evidence of such referral is admissible notwithstanding §90.502. Moreover, in such a situation, the financial relationship between a law firm and a medical provider, including the number of referrals, frequency, and financial benefit obtained, is relevant to the issue of bias of a testifying medical provider. See generally, Fla. Stat. §768.0427(3)(e).  As such, if the referral was made by the Plaintiff's attorney (law firm), then Defendant is further requesting production of the following documentation:  See also, <u>Allstate Ins. Co. v. Boecher</u>, 733 So.2d 993 (Fla. 1999)

i. All documentation which includes contracts or agreements evidencing the current and historical financial relationship between the law firm and the

9

health care provider, including the number of referrals, frequency, and financial benefit obtained, over the past three-years, so that Defendant can assess the potential bias of any testifying medical provider. See generally, Fla. Stat. §768.0427(3)(e)

ii. All documentation specific to Plaintiff's referral by the law firm to the health care provider.[11]

### Damages Recoverable for Medical Treatment or Services Expenses
### See, Fla. Stat. §768.0427(4)

The damages that may be recovered by a Plaintiff in a personal injury or wrongful death action for the reasonable and necessary cost or value of medical care rendered may not include any amount in excess of the evidence of medical treatment and services expenses admitted pursuant to subsection §768.0427(2), and also may not exceed the sum under §768.0427(4)(a)-(c):

20. Produce all documentation evidencing that amounts paid by or on behalf of the Plaintiff to a health care provider who rendered medical treatment or services. See, Fla. Stat. §768.0427(4)(a)

21. Produce all documentation evidencing the amounts necessary to satisfy charges for medical treatment or services that are due and owing, but at the time of trial are not yet satisfied. See, Fla. Stat. §768.0427(4)(b)

---

[11] Documentation specific to this request, is related to Plaintiff's referral in this case, including any fees paid to the healthcare providers, any dollar amounts of billed charges paid, any communications related to Plaintiff's medical care completed or planned. These communications include any discussions with the health care provider (whether physician or facility) related to the timing of medical care provided to Plaintiff. This includes all email and phone text message communications between the health care provider and law firm (whether those communications are with the providing physician; physician's staff; medical facility or medical facility staff rendering medical care pursuant to a Letter of Protection).

22. Produce all documentation evidencing the amounts necessary to provide for any reasonable and necessary medical treatment or services the Plaintiff will receive in the future. See, Fla. Stat. §768.0427(4)(c)

**Social Media Requests**

23. For each social networking account listed in your response to Defendant's social network interrogatory, provide copies or screen shots of all photographs associated with that account during the two (2) years prior to the date of this alleged incident.

24. For each social networking account listed in your response to Defendant's social network interrogatory, provide copies or screen shots of all photographs associated with that account from the date of this alleged incident to the present day.

25. For each cellular telephone listed in your responses to Defendant's social network interrogatory provide copies of any documentation outlining calls made or received on the date of this alleged incident.

26. If you are a member of or belong to any social networking website as listed in your response to Defendant's social network interrogatory, or utilized a blog or website related to your individual activities or employment activities, please provide documented copy for all such website information as it existed from the date of the alleged incident to the present day. This request includes, but is not limited to, documented copy of any screen names; news feeds; profile pictures and/or information; contacts (i.e., friends or followers); suggested contacts (i.e., friends or followers); messages sent and/or received via the website; contents of any inbox; status updates; activity streams; tweets; blurbs; comments; notifications; notes; personal information (i.e., activities, hobbies, interests, entertainment, education and/or

11

work); photographs; videos; music; groups; networks; memberships; and/or advertising

related to Plaintiff or Plaintiff's work or employment-related activities.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Efile and E-Mail this 12th day of May 2026 to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
Attorney for Plaintiff

<div style="margin-left:40%">

ROIG LAWYERS
50 N. Laura Street, Suite 2518
Jacksonville, FL 32202
(954) 354-1544 / (904) 301-9341 Fax
Primary: liabilitypleadings@RoigLawyers.com
Secondary: jhackman@roiglawyers.com

BY:   /s/ Jenna T. Hackman
        JENNA T. HACKMAN, ESQ.
        Florida Bar No. 461466
        Attorney For WALMART INC. and WAL-MART STORES EAST, LP

</div>

12

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

ELIJAH OMAR WATFORD,                    Case No.: 16-2026-CA-000599-AXXX-MA

        Plaintiff,

vs.

WALMART INC. AND WAL-MART STORES EAST, LP,

        Defendants.

_____/

## NOTICE OF SERVICE OF DEFENDANTS, WALMART INC. AND WAL-MART STORES EAST, L.P.'S FIRST INTERROGATORIES TO PLAINTIFF

Defendants, **WALMART INC. and WAL-MART STORES EAST, LP**, by and through the undersigned counsel and pursuant to Florida Rules of Civil Procedure hereby files its Notice of Service of its First Interrogatories upon the Plaintiff, pursuant to Fla. R. Civ. P. 1.340 and Fla. Stat. 768.0427 (Fla. 2023), to answer, under oath and in writing, and serve said answers upon Defendant within the time allowed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Eservice and E-Mail this 12th day of May 2026, to the following:

Brian F. Moore, Esq.
Morgan & Morgan Jacksonville, P.A.
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
brian.moore@forthepeople.com
szolanzs.szeremy@forthepeople.com
Attorney for Plaintiff

        ROIG LAWYERS
        50 N. Laura Street, Suite 2518
        Jacksonville, FL 32202
        (954) 354-1544 / (904) 301-9341 Fax
        Primary: liabilitypleadings@RoigLawyers.com
        Secondary: jhackman@roiglawyers.com

        BY:    /s/ Jenna T. Hackman
            JENNA T. HACKMAN, ESQ.
            Florida Bar No. 461466
            Attorney For WALMART INC. and WAL-MART STORES EAST, LP